UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
THADDEUS TAYLOR                  :
                                 :          PRISONER
         v.                      :   Case No. 3:04CV2071(DJS)
                                 :
JAMES DZURENDA, et al.           :
```

RULING AND ORDER

Plaintiff has filed four motions in this action.

I.   Motion to Reopen and Provide Summons Forms [doc. #20]

On February 25, 2005, the court denied plaintiff's motion to proceed in forma pauperis and directed him to tender the filing fee within twenty days.  (See Doc. #13.)  On May 19, 2005, the court dismissed this case for failure to pay the filing fee as ordered.  The dismissal was without prejudice to reopening if plaintiff submitted the filing fee by June 10, 2005.  (See Doc. #16.)  Plaintiff submitted the filing fee on July 1, 2005.

On August 16, 2005, plaintiff filed a motion to reopen this case.  He states that he submitted a payment request to the Rhode Island Department of Correction as soon as he received the May 19, 2005 ruling and argues that he should not be responsible for any delay in receipt of payment.  The court agrees. Plaintiff's motion to reopen this case is granted.

Because plaintiff paid the filing fee, he is responsible for effecting service on all defendants. Plaintiff has asked the court to issue certified summons forms to enable him to effect service. Rule 4(b), Fed. R. Civ. P., provides that the Clerk may issue a summons only if it is in proper form. Thus, plaintiff's request for issuance of blank certified summons forms is denied. The clerk is directed to send plaintiff blank summons forms with this ruling. Plaintiff should complete the forms and return them to the clerk. If the summons forms have been completed properly, the clerk will issue them. Plaintiff is reminded that summons forms cannot be served by mail and that he must arrange to have the person who effects personal service complete the return of service portion of each summons and file it with the court.

II.     Motion to Identify John Doe Defendants [Doc. #21]

Plaintiff moves to identify defendants named in the case caption as John Doe. He states that these defendants are the State of Rhode Island, the Rhode Island Department of Correction, Director A.T. Wall, Deputy Warden Donna Collins, Warden James Weeden, Lieutenant William Gallagher, and Attorney Patricia A. Coyne-Fague. All of these defendant reside in Rhode Island.

In the case caption, plaintiff specifically states that the John Doe defendants are employees of the Connecticut Department of Correction at Cheshire Correctional Institution. The action covers the period from October 1, 2004, through

November 26, 2004, the date plaintiff signed and filed the complaint, and challenges plaintiff's confinement at Cheshire Correctional Institution during that period. Plaintiff was not transferred to Rhode Island until March 2005. Thus, the court cannot discern how any defendant from Rhode Island is involved in any claims in this case. Plaintiff's motion to add these defendants is denied. If plaintiff wishes to pursue claims against Rhode Island correctional officials regarding his confinement in Rhode Island he should commence an action in the United States District Court for the District of Rhode Island.

III.    Motions Regarding Preliminary Relief [Docs. ##18, 19]

Plaintiff has filed a motion for preliminary injunctive relief against defendants Strom, Lantz, Johnson and Dzurenda and a motion asking the court to rule on the motions for preliminary injunctive relief that he filed before this case was dismissed for non-payment of the filing fee.

In his motion for preliminary injunctive relief, plaintiff asks the court to order defendants Strom, Lantz, Johnson and Dzurenda not to retaliate against him for filing this lawsuit. He contends that these defendants have caused him not to be recommended for halfway house placement. Specifically, plaintiff states that, in August 2004, defendants agreed to recommend plaintiff for halfway house placement and early parole in exchange for plaintiff settling all of his lawsuits. Plaintiff

refused to settle the cases and now has filed suit to force defendants to make the recommendations for early parole and halfway house placement that were part of the proposed settlement.

The court has learned that plaintiff has been approved for halfway house placement. Accordingly, his motion for preliminary injunctive relief [**doc. #18**] is **DENIED** as moot. In addition, the court declines to rule on the previously filed motions for preliminary injunctive relief.

As indicated above, plaintiff now is confined in Rhode Island. Two of the previously filed motions, documents #4 and #9, concerning plaintiff's confinement at Cheshire Correctional Institution, are moot. The other motion, document #15, seeks plaintiff's return to Connecticut during the pendency of this action. Plaintiff has no constitutional right to be confined in any particular state or correctional facility. See Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules"). Because plaintiff has no constitutionally protected right to be housed in Connecticut, and his transfer to Rhode

4

Island is not an issue in this case, the court declines to revive motion #15.

IV.     Conclusion

Plaintiff's motion to reopen this case [**doc. #20**] is **GRANTED**. His request for issuance of blank certified summons forms [**doc. #20**] is **DENIED**. The Clerk is directed to send plaintiff blank summons forms with this ruling. Plaintiff should complete the forms and return them to the court. If the summons forms are completed properly, they will be issued and returned to plaintiff.

Plaintiff's motion for leave to identify John Doe defendants [**doc. #21**] is **DENIED**. Plaintiff's motion for preliminary injunctive relief [**doc. #18**] is **DENIED** as moot and his motion for ruling on motions filed before the case was dismissed [**doc. #19**] is **DENIED**.

**SO ORDERED** this 26th day of October, 2005, at Hartford, Connecticut.

/s/DJS

Dominic J. Squatrito
United States District Judge