UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
THADDEUS TAYLOR                  :
                                 :              PRISONER
        v.                       :    Case No. 3:04CV2071(DJS)
                                 :
JAMES DZURENDA, et al.           :
```

RULING AND ORDER

Plaintiff seeks reconsideration of the court's ruling denying him leave to identify defendants included in the complaint as John Doe(s), Cheshire C.I.  For the reasons that follow, plaintiff's motion is denied.

In his previous motion, plaintiff stated that the John Doe defendants were the State of Rhode Island, the Rhode Island Department of Correction, Director A.T. Wall, Deputy Warden Donna Collins, Warden James Weeden, Lieutenant William Gallagher and Attorney Patricia A. Coyne-Fague.  The court denied the motion because plaintiff has specifically indicated in his complaint that all John Doe defendants were employees of the Connecticut Department of Correction at Cheshire Correctional Institution.

The court also noted that this action concerned only the period until plaintiff filed his complaint.  In that ruling, the court indicated that the date of filing was November 26, 2004,

the date on the complaint.  Plaintiff refers the court to allegations within the complaint that reference events occurring on November 30, 2004 and December 1, 2004.

Because plaintiff referenced events occurring after the date of the complaint, he could not have filed his complaint before these dates.  Thus, the court corrects its previous statement.  This action includes the referenced events on November 30, 2004 and December 1, 2004.

Plaintiff also argues that because he included the words "and ongoing" in several places in his complaint, this action includes any event occurring since he filed the complaint.  This argument is incorrect.  That language would suffice to include subsequent events relating to the original claims and enable plaintiff to file a supplemental complaint, but it does not enable him to include every alleged deprivation of his rights by any person for the foreseeable future.

Amending a complaint to identify John Doe defendants is governed by Rule 15, Fed. R. Civ. P.  Rule 15(a) provides that permission to amend a complaint "shall be freely given when justice so requires."  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).

As noted above, the John Doe defendants included in the

caption of the original complaint were identified as employed at Cheshire Correctional Institution.  Plaintiff does not attempt to identify these defendants in his motion.  Instead, plaintiff seeks to add seven new defendants to this case, none of the whom is employed by the Connecticut Department of Correction.  The five individual defendants all reside in Rhode Island.  If plaintiff were to add these defendants, he also would necessarily add claims that arose as a result of his confinement in Rhode Island.  These claims are unrelated to the claims in the original complaint and would not clarify any of the claims in the original complaint.  See, e.g., Wishon v. Gammon, 978 F.2d 446, 448 (8th Cir. 1992) (holding that district court did not abuse discretion by denying leave to amend unrelated claims where plaintiff could raise claim in separate action); Walker v. Department of Corrections, No. C 05-3057 SI(PR), 2005 WL 3481445 (N.D. Cal. Dec. 20, 2005) (holding that prisoner-plaintiff could not amend current complaint to include claims regarding unrelated conditions of confinement at different correctional facility in different judicial district); Lee v. Aktur, 827 F. Supp. 556, 561 (E.D. Wis. 1993) (denying plaintiff leave to amend to add new defendants where claims against those defendants were unrelated to claims in underlying suit).

   Plaintiff's motion for reconsideration [**doc. #23**] of the denial of leave to identify John Doe defendants is **DENIED**.  The

court corrects is previous ruling [doc. #22] only to the extent that the complaint concerns events occurring through December 1, 2004.

 **SO ORDERED** this 24th day of March, 2006, at Hartford, Connecticut.

                /s/DJS

                _____
                Dominic J. Squatrito
                United States District Judge